IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 MAR 31 PM 2:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SERRA CHEVROLET, INC., | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 01-B-2682-S |
| GENERAL MOTORS CORP., | } |
| Defendant. | } |

ENTERED
MAR 31 2003

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss plaintiff's Amended Complaint. (Doc. 12) Plaintiff contends that defendant failed to act in good faith when it terminated its franchise agreement for plaintiff's satellite location, in violation of the Automobile Dealers' Day in Court Act ["ADDCA"], 15 U.S.C. § 1222. Defendant contends that plaintiff's claims are due to be dismissed as time barred and as barred by the doctrine of res judicata and the compulsory counterclaim rule. Defendant also contends that plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's motion to dismiss is due to be denied.

### I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364,



1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on ***any*** possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). Thus, "a defendant . . .bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999). "Generally, the existence of an affirmative defense

will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)(citations omitted), *vacated on petition for rehearing, reinstated by* 764 F.2d 1400 (11th Cir.1985).

## II. STATEMENT OF RELEVANT FACTS

In July 1988, defendant and plaintiff entered into an agreement for the operation of a "supplemental facility on a temporary basis." (Doc. 8, Ex. A at 1.) The agreement provided that the agreement to operate the "supplemental facility" was part of an "experimental program," which was "expected to conclude on October 31, 1990." (*Id.*) The agreement also provided that defendant could "cancel [the] agreement . . . at any time upon written notice." (*Id.* at 2.) Despite the language in the agreement regarding its experimental and temporary nature, the supplemental facility, now referred to as the Satellite Location, continued in operation, until defendant terminated its agreement with plaintiff in September 2001. (*See Doc.* 8, ¶ 22.)

On August 7, 1995, immediately following a five-year renewal of the satellite agreement, defendant notified plaintiff that it was terminating the satellite agreement; however, plaintiff and defendant later agreed not to terminate the agreement and to continue it through October 2000, subject to renewal. (*Id.* ¶¶ 16-17.)

On April 6, 1998, plaintiff filed an action in the Circuit Court of Jefferson County against, *inter alia*, employees of defendant and Edwards Chevrolet, a competitor, alleging

3

that they and others had conspired "to deprive the Plaintiff of its proper allotment of motor vehicles, [in violation of] the Alabama Motor Vehicle Franchise Act, codified at Ala. Code § 8-20-1 et seq." (*Id.* at ¶ 18.) Defendant intervened into plaintiff's state court action and filed a Complaint for Declaratory Judgment, asking the court to declare that "Plaintiff's Satellite Agreement could terminate by its own terms, and that the Plaintiff was no longer entitled to operate a satellite dealership in Gardendale, Alabama." (*Id.* ¶ 19.) Plaintiff contends that defendant's Declaratory Judgment action "was clearly a retaliatory response to the Plaintiff's state court litigation, as well as the fulfillment of its promise to [the owner of Edwards Chevrolet] to terminate the Satellite Dealership." (*Id.* ¶ 21.) Plaintiff filed a counterclaim against defendant alleging vehicle misallocation in violation of Ala. Code § 8-20-1. (*Id.* ¶ 24 and Ex. D.)

The state court ruled in favor of defendant in its declaratory judgment action; the state court's decision was affirmed, without opinion, by the Alabama Supreme Court. (*Id.* ¶ 22, and Ex. B.) A jury returned a verdict in favor of plaintiff and against defendant on plaintiff's vehicle misallocation claim for $9,096,00. (*Id.* ¶ 24.) In dicta, the state court, ruling on a defendant's post-judgment motion to set aside the jury verdict, noted:

> GM has no legitimate complaint about the fact of [plaintiff's counterclaim] being made against it or the timing thereof. This case began with a suit by Serra against Edwards Chevrolet and other competitors primarily for tortious interference with its relations with GM. GM insisted upon intervening in the action, which was allowed by the court in the face of reluctance by plaintiff. Serra owned a satellite Chevrolet store authorized by GM and worth millions of dollars. The defendant, by its complaint in intervention undertook to relieve itself from the constraints of the Motor Vehicle Franchise Act and obtain a declaratory judgment that it could revoke

>authority to operate the Gardendale facility. GM won that petition here and that ruling has been affirmed on appeal. GM has ordered Serra to close the facility. ***There was never any showing that the closing had any business reason or benefit to GM other than to please Edwards Chevrolet and to retaliate for the filing of the original action herein***. The present judgment was obtained on one count of the counterclaim filed by Serra. All other counterclaims and all other original claims have been dismissed by the court.

(*Id.*, Ex. B at 1-2 (emphasis added).)

On September 12, 2001, defendant notified plaintiff that it was terminating the satellite agreement effective immediately. (*Id.* ¶ 22 and Ex. C.) After defendant sent plaintiff this notification letter, its representatives "demanded [plaintiff's] participation in an advertising campaign requiring payment to the Defendant of sums of money from the profit made on each new vehicle sold, and in return [defendant] would allow for the continued operation of the Plaintiff's satellite dealership." (*Id.* ¶ 23.)

In its Amended Complaint, plaintiff alleges that defendant wrongfully terminated the satellite agreement in violation of the ADDCA. (*See generally* doc. 8; doc. 13 ¶ 4.) Plaintiff contends:

>GM's timing, motivation and manner of terminating the Plaintiff's Satellite Agreement is reflective of a coercive and intimidating course of conduct. Specifically, despite years of repeated renewal of this Satellite Agreement, as well as its extension agreement through October 2000, which included renewal thereafter, GM elected to terminate the Satellite Agreement immediately after the Plaintiff filed its state court action. Further, GM's declaratory judgment action seeking termination came when the dealer/owner of the Plaintiff's chief competitor, Edwards Chevrolet was serving as President of the National Automobile Dealers Association, who had admittedly been promised by GM executives that the Plaintiff's satellite dealership would be closed.

(*Doc. 8,* ¶ 34.)

5

## III. DISCUSSION

Defendant contends that plaintiff's claims are due to be dismissed "on the ground[s] that (1) the claims are time barred, (2) the claims are barred by res judicata, (3) plaintiff failed to assert its claim under the [ADDCA] as a compulsory counterclaim in a prior action between the same parties, and (4) the complaint *still* fails to state a claim upon which relief can be granted and fails to state facts which give rise to a cause of action." (Doc. 12 at 1 (emphasis in original).)

### A. STATUTE OF LIMITATION

The ADDCA provides for a three-year statute of limitations. 15 U.S.C. § 1223 ("Any action brought pursuant to this chapter shall be forever barred unless commenced within three years after the cause of action shall have accrued.") Plaintiff's ADDCA claim is limited to the termination of its satellite agreement, (Doc. 13 ¶ 4), which occurred within three years of the filing of plaintiff's complaint.

Therefore, defendant's Motion to Dismiss plaintiff's claim as time-barred is due to be denied.

### B. RES JUDICATA

Defendant contends that plaintiff's ADDCA claim is barred by the doctrine of res judicata, based on the Alabama Circuit Court's decision in its declaratory judgment action.

The doctrine of res judicata prohibits a plaintiff from filling a claim that has been raised in a previous proceeding or that could have been raised in a previous proceeding. In order for res judicata to apply, the court must find that four conditions are satisfied:

(1) there is a final judgment on the merits in a prior suit;

(2) a court of competent jurisdiction rendered the decision in the prior suit;

(3) the parties in the prior suit and the instant suit are identical; and

(4) both suits involve the same cause of action.

*O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000)(citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990)). In this case the first three elements are met by the declaratory judgment of the Alabama Circuit Court decision. (*See* doc. 8, Ex. B.) However, the court finds that the two causes of action are not the "same."

"Claims are part of the same 'cause of action' when they 'arise out of the same transaction or series of transactions.'" *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001)). However, "res judicata does not apply where the facts giving rise to the second case only 'arise after the original pleading is filed in the earlier litigation.'" *Piper*, 244 F.3d at 1298 (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir.1992)). The Eleventh Circuit has held that "a judgment is only conclusive regarding the matters that the parties might have litigated at that time," but such judgment is not conclusive as to "new rights" acquired during the pending action, "which might have been, but which were not, required to be litigated." *Id.*

The court finds that plaintiff's cause of action under the ADDCA for wrongful termination did not accrue until after the decision in the defendant's declaratory judgment

action, when defendant notified plaintiff in September 2001 that the satellite agreement was terminated immediately. Therefore, plaintiff's claim of wrongful termination of the satellite agreement is not barred by the doctrine of res judicata.

    The court finds that a cause of action under the ADDCA for termination of an agreement accrues when the agreement is terminated or upon notice of termination, if the dealer's rights under the franchise agreement are diminished immediately. *See Marquis v. Chrysler Corp.*, 577 F.2d 624, 629 (9th Cir. 1978); *Emich Motors Corp. v. General Motors Corp.*, 229 F.2d 714, 720 (7th Cir. 1956); *see also Pearson v. Ford Motor Co.*, 865 F. Supp. 1504 (N.D. Fla. 1994), *aff'd* 68 F.3d 1301 (11th Cir. 1995). *But see Salem Mall Lincoln Mercury v. Hyundai Motor America*, 103 F. Supp. 2d 1032, 1037 (S.D. Ohio 2000)(holding that an ADDCA claim "accrues .. when the plaintiff knows or has reason to know that the act providing the basis for its injury has occurred."). In this case, plaintiff was notified on September 12, 2001, that defendant had terminated the satellite agreement, effective immediately. (Doc. 8, Ex. C.) The court notes that defendant's filing of a declaratory judgment action – which by its very nature evinces defendant's intent that its termination of the satellite agreement would be conditioned upon a favorable decision by the Circuit Court – did not mark the accrual of plaintiff's ADDCA cause of action.[1] Therefore, the court finds

---

[1] Defendant argues that "plaintiff's claim accrued at the time [defendant] filed the declaratory judgment action seeking to terminate the Satellite Agreement." (*See* Def. Reply Br. at 2-3 (citing, *inter alia*, *Delaware State College v. Ricks*, 449 U.S. 250 (1980).) However, *Ricks* noted that the statute began to run from the final decision, not a "tentative" one. *See Ricks*, 449 U.S. at 260.

that plaintiff's cause of action accrued on September 12, 2001, after the final decision in defendant's declaratory judgment action.

Moreover, the court finds that the declaratory judgment did not resolve the issues in the present action. The Circuit Court held:

> General Motors is entitled to judgment as a matter of law against the Plaintiff as to the satellite agreement by and between General Motors and Serra Chevrolet, Inc., The Court further finds the satellite agreement is not subject to the Motor Vehicle Franchise Act, codified at Ala. Code (1975) § 8-20-1, *et seq.* Consistent therewith, General Motors is declared to be entitled to terminate the satellite agreement effective October 31, 2000 in accordance with the terms of the agreement.

(Doc. 8, Ex. B at 1-2.) The issue of whether defendant acted in "good faith" in terminating the satellite agreement, as that term is defined by the ADDCA, was not decided by the court. (*Id.*, *see also id.*, Ex. D at 1-2 (stating that defendant filed its action to "relieve itself from the constraints of the Motor Vehicle Franchise Act" and that defendant had not establish a any "business reason or benefit . . . other than . . . to retaliate for the filing of the original action herein.") Nothing in the Complaint, the Amended Complaint, or the Exhibits attached thereto, indicates why the court found that the satellite agreement was "not subject to Alabama's Motor Vehicle Franchise Act." (*See, e.g., id.*, Ex. B at 2.) Nevertheless, this court finds that defendant's decision to terminate the satellite agreement is subject to the constraints of the ADDCA. *See* 15 U.S.C. § 1222 ("An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States . . . . shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer . . . to act in good faith . . . in terminating, . .

9

. or not renewing the franchise with said dealer . . . .")

The court finds that defendant's Motion to Dismiss plaintiff's claim on the ground that it is barred by the prior state court action is due to be denied.

### C. COMPULSORY COUNTERCLAIM RULE

Defendant contends, "To the extent any portion of the Plaintiff's ADDCA claim is not barred by res judicata, the claim is nonetheless barred because Plaintiff failed to assert this claim as a compulsory counterclaim during a prior state court action between Plaintiff and General Motors." (Doc. 12 at 10.)

Rule 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). However, Rule 13(e) provides that "[a] claim which either matured or was acquired by the pleader after serving a pleading" is not compulsory and may be added only with permission of the court. Fed. R. Civ. P. 13(e).

For the reasons set forth above, the court finds that plaintiff's cause of action for termination of the satellite agreement under the ADDCA did not accrue before September 12, 2001, well after plaintiff's response to defendant's declaratory judgment was served. Therefore, plaintiff's ADDCA claim was not a compulsory counterclaim to defendant's declaratory judgment action, seeking a declaration that its agreement was not covered by the Alabama Motor Vehicle Franchise Act. Defendant's Motion to Dismiss plaintiff's claim

because is was not raised as a counterclaim in the state court action is due to be denied.

### D. FAILURE TO STATE A CLAIM

Defendant contends that plaintiff's ADDCA claim is due to be dismissed because plaintiff has not stated a cause of action for which relief may be granted. Specifically, defendant contends that plaintiff has not "sufficient [pled] a 'wrongful demand' or 'threatened sanction' as required to state an ADDCA claim." (Doc. 12 at 12.) The court disagrees.

"The ADDCA is a remedial statute enacted to redress the economic imbalance and unequal bargaining power between large automobile manufacturers and local dealerships, protecting dealers from ***unfair termination*** and other ***retaliatory*** and ***coercive*** practices." *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000)(emphasis added). "It is, essentially, a supplement to the national antitrust laws, passed to counter-balance the economic leverage a manufacturer has over its ostensibly independent dealers, and its 'control over [its] product in what amounts to quasi-integration to the retail level of distribution.'" *Maschio v. Prestige Motors*, 37 F.3d 908, 910 (3d Cir. 1994)(quoting H.R. Rep. No. 2850, 84th Cong., 2d Sess. 1, 3, *reprinted in* 1956 U.S.C.C.A.N. 4596, 4596, 4598)).

The ADDCA provides, "An automobile dealer may bring suit against any automobile manufacturer . . . in any district court of the United States . . ., and shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer . . . to act in good faith . . . in terminating, canceling, or not renewing the franchise with said

dealer . . . ." 15 U.S.C. § 1222. Moreover, the Act defines "good faith" as "the duty of each party to any franchise . . . to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party . . . ." 15 U.S.C. § 1221(e). "[T]he definition of 'good faith' contained in the ADDCA is specialized and narrow." *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001); *see also Empire Volkswagen v. World-Wide Volkswagen*, 814 F.2d 90, 95 (2d Cir. 1987); *Carroll Kenworth Truck Sales, Inc. v. Kenworth Truck Co.*, 781 F.2d 1520, 1525 (11th Cir. 1986). "An automobile dealer cannot establish lack of good faith merely by demonstrating that the manufacturer acted arbitrarily, unreasonably, or in a generally unfair manner; rather, the dealer must establish that the manufacturer's conduct constituted 'coercion, intimidation, or threats of coercion or intimidation' directed at the dealer." *New A.C. Chevrolet*, 263 F.3d at 325 (quoting 15 U.S.C. § 1221(e)); *see also Carroll Kenworth Truck Sales*, 781 F.2d at 1525 (bad faith under the ADDCA "does not mean simply a lack of fairness but entails a showing of coercion").

"The type of coercion or intimidation rendered actionable by the ADDCA occurs only when the automobile manufacturer makes a wrongful demand which will result in sanctions if not complied with." *New A.C. Chevrolet, Inc.*, 263 F.3d 296 at 326 (internal citations and quotations omitted); *see also H.C. Blackwell Co. v. Kenworth Truck Co.*, 620 F.2d 104, 107 (5th Cir. 1980)("Bad faith may consist of coercive conduct manifested by 'a wrongful demand which will result in sanctions if not complied with.'"). "A demand is wrongful if it pressures the dealer into taking an action it would not take otherwise, or impels the dealer

12

into forfeiting its rights under the dealer agreement." *Id.* (internal citations omitted)

"A wrongful demand may be inferred 'from all the facts and circumstances' even in the absence of evidence that a formal, explicit demand was made. *Bronx Chrysler Plymouth, Inc. v. Chrysler Corp.*, 212 F. Supp. 2d 233, 245 (S.D. N.Y. 2002)(citing *Marquis*, 577 F.2d at 634). However, "mere termination of a franchisee does not, on its own, constitute an ADDCA violation, nor does it afford a presumption that an ADDCA violation has occurred. . . . Rather, . . . the danger of termination must have previously been used as a threat in an attempt to force the dealer to do certain things." *New A.C. Chevrolet*, 263 F.3d at 326 (internal quotations omitted).

The court finds that plaintiff has sufficiently alleged that defendant did not act in good faith when it terminated the satellite agreement. Plaintiff has set forth sufficient facts, which, if true, would allow a reasonable jury to find that defendant's threat to terminate its satellite agreement, manifested in its declaratory judgment action, was used to coerce plaintiff into dismissing its state causes of action or to intimidate it into relinquishing its rights under the satellite agreement in favor of another dealership.[2] These allegations are sufficient to state a cause of action under the ADDCA based on the termination of the satellite agreement. Thus, defendant's Motion to Dismiss for failure to state a claim under the ADDCA is due to be denied.

---

[2]While denying defendant's Motion to Dismiss the court is of the opinion that many of the acts alleged in plaintiff's amended complaint ¶ 36 are not relevant to plaintiff's ADDCA claim.

## CONCLUSION

For the reasons set forth above, the court finds that defendant's Motion to Dismiss is due to be denied. An Order denying defendant's Motion to Dismiss, (doc. 12), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this ___31st___ day of March, 2003.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge