IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 APR 12 AM 11:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SERRA CHEVROLET, INC. | ) |
| PLAINTIFF, | ) ) ) |
| V. | ) CASE NO: CV-01-P-2682-S ) |
| GENERAL MOTORS CORPORATION, | ) ) |
| DEFENDANT. | ) |

### PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW the Plaintiff, Serra Chevrolet, pursuant to Rule 15(a), Federal Rules of Civil Procedure, and hereby files this Third Amended Complaint to assert the following causes of action.

1.  That the Plaintiff hereby adopts, incorporates and realleges each and every paragraph of its initially filed complaint and amended complaints, as if fully set out herein.

### COUNT TWO

### (VIOLATION OF ALABAMA'S MOTOR VEHICLE FRANCHISE ACT)

2.  That Defendant General Motors (hereinafter "GM") is a manufacturer of motor vehicles as defined within Alabama's Motor Vehicle Franchise Act, codified at Ala. Code § 8-20-1 et seq., and as such is subject to the mandates of the Motor Vehicle Franchise Act.



3. That the Defendant and the Plaintiff were contractual partners at all times relevant herein pursuant to the parties' Dealer Sales and Service Agreements. Based upon this relationship, GM was required to act in good faith and deal fairly with the Plaintiff regarding its dealership operations.

4. That GM, by and through its agents, servants or representatives, has engaged in acts and omissions which have violated the Plaintiff's rights under Alabama's Motor Vehicle Franchise Act as set forth hereinbelow:

(a) General Motors awarded an additional Chevrolet sales and service dealership located within the Birmingham metropolitan area (formerly known as Century Chevrolet) to the Plaintiff's chief competitor, Edwards Chevrolet. That GM's award of this additional dealership location to Edwards Chevrolet was not only retaliatory against the Plaintiff, but was arbitrary, capricious and unreasonably discriminatory to the Plaintiff and thereby violated Alabama Code § 8-20-4(2). By awarding this additional dealership location to Edwards Chevrolet, the Plaintiff's chief competitor was favored with yet another competitive advantage over the Plaintiff as it afforded Edwards Chevrolet with two (2) separate sales and service dealerships within the Birmingham metropolitan area. Both of Edwards' dealership locations serve areas which border the Plaintiff's assigned area of responsibility by General Motors and thereby have enabled Edwards to better compete and penetrate the Plaintiff's area of responsibility. Furthermore, this additional dealership location has entitled Edwards Chevrolet to receive an additional allocation of new vehicles from GM, over and above the allocation received by the Plaintiff.

b) GM has failed and refused to reconfigure, and thereby reduce, the Plaintiff's assigned AGSSA (Area of Geographic Sales and Service Advantage) despite its own

acknowledgment that the Plaintiff's AGSSA is too large, as well as its recognition that this mis-configured AGSSA has adversely impacted the Plaintiff's business operations. Based upon the erroneous AGSSA assigned by GM, the Plaintiff continues to be rated "sales ineffective" by GM. Accordingly, despite its recognition that the Plaintiff's improperly assigned AGSSA has significantly hampered the Plaintiff's business operations and caused it to be erroneously rated as "sales ineffective," GM refuses to correct such a clear impediment to the Plaintiff's business operations.

c) General Motors has willfully and wantonly continued its arbitrary, capricious and unreasonably discriminatory vehicle allocation scheme which has unduly favored and preferenced the Plaintiff's primary competitor, Edwards Chevrolet, while at the same time has unduly restricted the Plaintiff's allocation of new vehicles in violation of Ala. Code § 8-20-4(2) and § 8-20-4(3)(a).

d) General Motors has engaged in various arbitrary, capricious and unreasonably discriminatory acts against the Plaintiff in violation of Ala. Code § 8-20-4(2), including an attempt to force the Plaintiff to participate in GM's advertising progam and in return offering to extend the operation of the Plaintiff's Gardendale satellite dealership, as well as refusing to approve Kevin Serra as a successor dealer of Serra Chevrolet, and attempting to force the Plaintiff's principal, Anthony Serra, to relinquish his position as dealer/operator of Serra Chevrolet.

5. As a direct and proximate result of the foregoing acts and omissions by GM in violation of Alabama's Motor Vehicle Franchise Act, the Plaintiff has been caused to suffer the following injuries and damages: (a) the Plaintiff was caused to incur economic damages in the form of reduced sales revenue and warranty work; (b) the Plaintiff was

and is currently caused to incur economic damages in the form of the payment of attorneys fees to prosecute its action against the Defendant; (c) the Plaintiff has been deprived of its proper allocation of vehicles; and (d) the Plaintiff has been caused to suffer such other temporary and permanent damages as will be enumerated hereinafter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the Defendant in an amount of compensatory damages as determined by a jury at a trial of this cause. The Plaintiff further prays for attorneys' fees, costs, expenses and all other relief which might be available under Alabama's Motor Vehicle Franchise Act.

## COUNT THREE

### (NEGLIGENCE & WANTONESS)

6. The Plaintiff adopts and realleges each and every foregoing paragraph of its Complaint and amended complaints as if fully set out herein.

7. That the Plaintiff has repeatedly complained to GM, by and through its representatives, that its assigned area of responsibility (AGSSA) was too large and thereby prevented the Plaintiff from achieving its customer satisfaction goals.

8. That GM representatives have acknowledged that the Plaintiff's AGSSA is too large and has adversely affected its dealership operations. Nevertheless, GM has failed and refused to take any action to remedy this situation.

9. The Plaintiff has repeatedly requested that GM provide it with any and all information which supports the Plaintiff's currently assigned AGSSA, as well as has repeatedly requested GM to resurvey the Birmingham metropolitan area for the purpose

of correcting the error in the currently assigned AGSSA configurations. Each of these requests has been ignored by GM.

10. That pursuant to the parties' relationship, GM was obligated to assist and promote the continued operation of the Plaintiff's dealership facilities, as well as to prohibit or avoid acts which would restrict, injure or otherwise obstruct the Plaintiff's ability to effectively continue such operations.

11. That GM, by and through the acts of its agents, servants and representatives, has negligently and/or wantonly engaged in acts which have adversely affected the Plaintiffs' dealership operations, including its failure and refusal to address the Plaintiff's mis-configured AGSSA.

12. As a direct and proximate result of Defendant GM's negligent and/or wanton conduct, the Plaintiff has been caused to suffer the following injuries and damages: (a) the Plaintiff was caused to incur economic damages in the form of reduced sales revenue and warranty work; (b) the Plaintiff was and is currently caused to incur economic damages in the form of the payment of attorneys fees to prosecute its action against the Defendant; (c) the Plaintiff has been deprived of its proper allocation of vehicles; and (d) the Plaintiff has been caused to suffer such other temporary and permanent damages as will be enumerated hereinafter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the Defendant in an amount of compensatory and punitive damages to be determined by a jury at a trial of this cause.

## COUNT FOUR

### (NEGLIGENT & WANTON SUPERVISION)

13. The Plaintiff adopts and realleges each and every foregoing paragraph of its Complaint and amended complaints as if fully set out herein.

14. That GM was in a fiduciary relationship with the Plaintiff and was under a duty to use skill, care, and knowledge to evaluate and investigate its agents, servants and representatives, as well as to supervise, instruct and oversee such agents or representatives in a thorough manner.

15. That the Plaintiff relied upon GM to evaluate, investigate, oversee and supervise the activities of its agents, servants and representatives to insure that they were properly servicing the Plaintiff's dealership operations, which included assisting and meeting the Plaintiff's requests and demands.

16. That GM either intentionally, wantonly, or in the alternative, negligently failed to supervise or oversee the activities of its agents and representatives as they were required to do. GM either knew, or in the exercise of reasonable care, should have known of the unfitness of its agents and representatives; yet in the face of such knowledge negligently or wantonly failed to supervise or oversee their activities in regard to the Plaintiff's operations.

17. As a direct and proximate result of Defendant GM's negligent and/or wanton supervision, the Plaintiff has been caused to suffer the following injuries and damages: (a) the Plaintiff was caused to incur economic damages in the form of reduced sales revenue and warranty work; (b) the Plaintiff was and is currently caused to incur economic damages in the form of the payment of attorneys fees to prosecute its action

against the Defendant; (c) the Plaintiff has been deprived of its proper allocation of vehicles; and (d) the Plaintiff has been caused to suffer such other temporary and permanent damages as will be enumerated hereinafter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the Defendant in an amount of compensatory and punitive damages to be determined by a jury at a trial of this cause.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

THOMAS E. BADDLEY, JR. (BAD-001)

JEFFREY P. MAURO (MAU-007)

BADDLEY & MAURO, LLC
2545 Highland Avenue, Ste. 201
Birmingham, Alabama 35205
(205) 939-0090

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record listed below:

Warren B Lightfoot, Esquire
Jere White, Esquire
Terrence W. McCarthy, Esquire
LIGHTFOOT, FRANKLIN
The Clark Building
400 20th St N
Birmingham AL 35203-3202

by depositing same in the United States Mail, postage prepaid, on this the 8 day of April, 2004.

THOMAS E. BADDLEY, JR.

7