IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SERRA CHEVROLET, INC. | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | |
| GENERAL MOTORS | ) | CV-01-HS-2682-S |
| CORPORATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS OR IN THE ALTERNATIVE , FOR A DEFAULT JUDGMENT AGAINST GENERAL MOTORS

COMES now the Plaintiff, Serra Chevrolet, and hereby files this memorandum in support of its Motion for Sanctions or, in the alternative, for a Default Judgment against General Motors. As grounds therefore, the Plaintiff says as follows:

1. Throughout this litigation, GM has engaged in tactics which constitute an abuse of discovery and has forced protracted and expensive litigation over discovery issues. Specifically, GM has consistently resisted the Plaintiff's legitimate and necessary discovery efforts by failing and refusing to provide responsive answers to the Plaintiff's written interrogatories, and by failing and refusing to produce documents responsive to the Plaintiff's specific production requests. Almost every request for discovery has been met with objection as GM believes it need only produce discovery which it deems relevant or which it believes fits within its interpretation of the Plaintiff's requests. Such tactics constitute a complete disregard for the letter and spirit of the discovery rules as the scope of discovery extends to "any matter

not privileged, which is relevant to the subject matter involved in the pending action." F.R.C.P. Rule 26(b).

    2.    More importantly, GM has deliberately refused to produce documents which have been specifically identified by the Court as permissible areas of discovery, and subsequently have been specifically ordered to be produced by the Court. Such acts constitute a gross abuse of discovery, and an obstruction of justice as such information is relevant and material to this action, and is critical to enable the Plaintiff to support its claims. As stated in the Plaintiff's Motion for Sanctions, complete allocation records concerning all of the Birmingham area Chevrolet dealers is necessary to enable the Plaintiff to perform comparison analyses for the purposes of determining the equitability of GM's allocation within and among the Birmingham MDA, the Region, and the Zone.

    3.    GM has consciously and deliberately only produced limited allocation data concerning the Plaintiff so as to prevent any comparison among the Plaintiff's competitors, its Region or its Zone and, therefore rendered such records virtually useless. Such action by GM is clearly a calculated decision to withhold vital allocation records which had not only been specifically requested through the Plaintiff's discovery, but which GM knew was necessary to enable the Plaintiff to demonstrate the clearly disparate treatment accorded the Plaintiff, in contrast to the other Birmingham MDA dealers, the Zone and the Region. GM's decision to withhold such obviously pertinent and material information, after such information had been ordered to be produced by the Court, constitutes an obstruction of justice for which the severest of penalties and sanctions is warranted.

    4.    Since this litigation began, the Court has been extremely patient with the Defendant regarding discovery disputes. The Plaintiff timely filed a Motion to Compel such

discovery against GM, and the Court has attempted to persuade GM by direction, suggestion and even admonition to resolve the discovery disputes without further court intervention. However, it is clear that such warnings have gone unheeded. "At some point, patience is not a virtue. Justice demands an element of decisiveness." Malautea v. Suzuki Motor Co. Ltd., 148 F.R.D. 362 (S.D. Ga. 1991), aff'd 987 F.2d 1536 (11th Cir. 1993). The Plaintiff respectfully submits that GM's continuing and premeditated violations of the discovery rules, as well as the Court's suggestions and admonitions require bold judicious action.

5.  The entry of default judgment as a discovery sanction should be "a rare judicial act." Comisky v. JFTJ Corp., 989 F.2d 1007 (8th Cir. 1993). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have recognized that such a harsh remedy is appropriate where the failure to comply with discovery orders is willful and in bad faith and the defaulted party is directly responsible for it. Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993), National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778 (1976). While sanctions are not appropriate where the violation is due to a party's mere inability to comply after making a good faith effort, this rule does not apply where such inability is self imposed. Pesaplastic, C.A. v. Cincinnati Milacron Co., 799 F.2d 1510 (11th Cir. 1986). Based upon GM's continuing misconduct, it is deserving of substantial sanctions or in the alternative a granting of a default judgment.

6.  Dismissal or a default judgment is properly entered where a willful failure to comply with a discovery order significantly impairs the opposing party's trial preparation, as it has here. Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993) Moreover, dismissal or default may be imposed as a sanction for a party's blatant violations of discovery orders, or an established pattern of flagrant discovery abuse showing a callous disregard of its

responsibilities under the Federal Rules. Id., supra. Jaffe v. Grant, 793 F.2d 1182 (11th Cir. 1986), Properties International Ltd. v. Turner, 706 F.2d 308 (11th Cir. 1983), Emerick v. Fenick Industries, 539 F.2d 1379 (5th Cir. 1976). Default is appropriate where a party has made deliberately false or evasive responses, misleading the Court and its opponent. Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993). GM's stonewalling discovery tactics herein are evidence of a broader and well recognized pattern of discovery abuse employed by the Defendant throughout the country in other actions.

In Baker v. General Motors, 159 F.R.D. 519 (W.D.Mo. 1994), reversed on other grounds in Baker v. General Motors, 86 F.3d 811 (8th Cir. 1996), the District Court entered a default judgment against General Motors for non-compliance with discovery orders. In its Order, the Court noted that it has found eleven (11) other cases that "support the conclusion that GM's conduct in this case is the standard rather than the exception."[1] The Court further

---

[1]
a.   Cooper v. General Motors, No. 25459 Mich. Circuit Court, Court Order dated February 9, 1993, Judge Edward A. Quinnell stated, in entering default against General Motors, "The failure to provide this information is unexplainable and I just cannot understand how General Motors with a straight face can claim that they are trying to get the judicial process to work. It's just not happening."
b.   Moseley v. General Motors, 213 Ga. App. 875, 447 S.E.2d 302 (1994), wherein former General Motors Engineer, Ronald Elwell testified under oath about "GM's practice of giving elusive answers to interrogatories, "woodshedding" engineers who testified, and incomplete searches of engineering files in response to discovery requests."
c.   Cameron v. General Motors, 1994 WL 159408, Civ.A. Nos. 6:93-1278--1279 (D.S.C. February 28, 1994, George Ross Anderson, J.)
d.   Stump v. Burlington Northern Railroad and General Motors, No. 91-C-09 (Kan.Dist.Ct., August 17, 1992, Thomas Tuggle, J.)
e.   McGuire v. American Family Mut. Ins. and General Motors, No. 719-169 (Wisc.Cir.Ct., May 3, 1991, Francis Waselewski, J.)
f.   Sulenski v. General Motors, 1988 WL 6520 (Ohio App. 1988)
g.   Kennedy v. General Motors, 1985 WL 4664 (Ohio App. 1985)
h.   General Motors v. Aetna Casualty and Surety Co., 573 N.E.2d 885 (Ind. 1991)
i.   Shephard v. General Motors, 42 F.R.D. 425 (D.N.H. 1967)
j.   Klitsch v. General Motors, 1990 WL 192037 (E.D.Pa. 1990)
k.   Carlson v. General Motors, 9 Ill.App.3d 606, 289 N.E.2d 439 (1972)

The Baker Court noted that, "Although this list is not exhaustive, it leaves this Court with the unmistakable impression that General Motors "just does not get it."

4

stated, "the cited cases further reinforce the Court's determination that General Motors' discovery policies are designed to turn over the least amount of information with the greatest difficulty to the opponent." [2] Baker, 159 F.R.D. at 526-27. The Baker Court further stated General Motors' misconduct was due to an intentional and systematic discovery policy whereby, "General Motors has created a set of discovery blinders by creating a corporate central file and refusing to conduct searches outside of that repository until a requesting party formulates the "magic words" necessary to trigger a search of other files." Id. At 524.

Based upon GM's discovery tactics, the Plaintiff nor the Court can be confident regarding the truthfulness of any of GM's representations regarding discovery.

7.   The Court has the discretion to determine what sanctions are appropriate or just. F.R.C.P 26, (g)(3) and 37(b)(2)(C). In determining the propriety of sanctions, the Court should consider the party's response to both oral and written orders. Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993). There are circumstances in which severe sanctions are necessary, not merely because of the Defendant's willful misconduct and resulting prejudice to the Plaintiff's ability to prepare its case for trial, but also because of the need to deter the kind of misconduct which obstructs the administration of justice, as it has in this case. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778 (1976), Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993). The 11th Circuit has stated that it is not necessary that default be preceded by lesser sanctions when they would not be effective. Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536 (11th Cir. 1993). "A district court is not required to fire a warning shot". Id. Severe sanctions are necessary herein based upon the repeated dilatory and stonewalling tactics employed by Defendant General Motors to date.

---

[2] Although the District Court's decision was ultimately reversed on appeal, as the sanctions imposed were greater than that required, the findings by the District Court regarding GM's systematic abuse of discovery is no less compelling.

8. Based upon such repeated misconduct by GM, the Plaintiff claims as follows:

a. The information and documents sought by the Plaintiff as set forth in its Motion to Compel are essential to a proper preparation and presentation of the Plaintiff's case;

b. Such information and documents withheld by GM have, at all relevant times, been in their possession, custody or control;

c. That GM knew that the information and documents are relevant and discoverable in this matter;

d. That GM has overtly attempted to mislead and deceive the Court, as well as the Plaintiff concerning the correctness and completeness of its discovery responses.

e. GM's suppression of such discoverable material clearly evidences an intent to manipulate the judicial process to defeat full disclosure, and to preclude a fair resolution of this case on the merits;

f. As a consequence of GM's discovery misconduct, the Plaintiff has been prejudiced with respect to the significant delay and undue expense in proceeding towards trial, its inability to safely rely on any information or documents which GM discloses or produces as being correct or complete and the Plaintiff has been prejudiced in its preparation for trial, and

g. There is a critical need for deterring the kind of discovery abuse which has been engaged in by GM.

9. The overall purpose of discovery is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based upon a full and accurate understanding of the true facts, and therefore embody a fair and just result. United States v. The Proctor and Gamble Co., 356 U.S. 677, 78 S.Ct. 983 (1958). However, GM has frustrated this purpose by objecting to the breadth and scope of every

discovery request. Further, GM has produced only select information which it has deemed to be relevant.

10. In certain types of complex litigation, the motivation to resist discovery is so great that offenders will not comply with discovery unless they know in advance that the cost of "stonewalling" will be greater than the benefits. Only by imposing harsh sanctions against a willfully deceitful and evasive litigant do the Courts take the advantage out of such misbehavior and turn it into a decided disadvantage.

11. This action was filed in October 2001. Now, three years later, it can hardly be said that this case has proceeded swiftly towards an adjudication. The Plaintiff's initial discovery requests were propounded upon GM in February, 2004. The discovery dispute regarding GM's responses to the Plaintiff's discovery have been ongoing since that date, and certainly does not appear to be close to resolution. It is clear that GM's responses to Plaintiff's discovery evidence a pattern of delay and deception designed to obstruct and undermine the discovery process as well as to put the Plaintiff to as much unnecessary trouble and expense as is conceivable and finally to hamper the Plaintiff's trial preparation.

12. Because General Motors has willfully and deliberately failed to provide complete responses to the Plaintiff's discovery requests and because it continues to provide evasive and misleading responses and to withhold relevant information and documents, Plaintiff's Motion for Sanctions should be granted. Such bold action is necessary to remedy the harm caused to the Plaintiff's pre-trial preparation due to GM's egregious conduct and delay and to ensure that all remaining discovery is full, fair and open and is conducted in a timely and cost-effective manner.

13. With respect to Plaintiff's alternative request for a default judgment, Plaintiff contends that a lesser sanction will not sufficiently deter GM and similarly situated parties from repeating the flagrant conduct which has occurred in this case. Therefore, the entry of substantial sanctions is appropriate to punish GM for past conduct and to deter future non-compliance. Finally, as the Defendant has deliberately caused unnecessary delay and imposed an increased burden on the Court, and has also increased the cost of the litigation to the Plaintiff, Defendant should also be ordered to pay Plaintiff's attorney's fees and costs associated with this protracted discovery dispute.

WHEREFORE, Premises Considered, the Plaintiff prays that this Court will enter substantial sanctions and penalties against GM for its continuing discovery misconduct or in the alternative enter a default judgment or make such other Order in regard to GM's systematic discovery failures and abuses as are just. The Plaintiff prays for such other and further relief to which this Court deems appropriate.

JEFFREY P. MAURO
Bar ID No. ABS-0478-U71J

THOMAS E. BADDLEY, JR.
Bar I.D. NO. ASB-2867-E42T

BADDLEY & MAURO, LLC
Suite 201, 2545 Highland Avenue
Birmingham, Alabama 35205
205/939-0090

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record listed below:

Jere F. White
Terence W. McCarthy
LIGHTFOOT, FRANKLIN
The Clark Building
400 20th St N
Birmingham AL 35203-3202

by depositing same in the United States Mail, postage prepaid, on this the __15__ day of ___November___, 2004.

_____
JEFFREY P. MAURO