# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SERRA CHEVROLET, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. CV-01-HS-2682-S |
| v. ) | |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING IN PART AND GRANTING IN PART
## MOTION FOR SANCTIONS AND DENYING MOTION TO COMPEL

Before the Court is the Plaintiff's motion for sanctions (doc. 106) and the Plaintiff's motion to compel (doc. 107.) The Court heard argument on the motions by telephone conference on February 3, 2005. Consistent with the rulings that the Court placed on the record during the conference, the motions are resolved as provided below:

1.   Plaintiff's motion for sanctions is **GRANTED IN PART** and **DENIED IN PART** as follows: The Court finds that GM violated this Court's Order compelling production, entered on August 28, 2004, by failing to provide documents in its possession and control relating to specific satellite dealerships. These documents were requested in items number 2, 3, and 4 of the Plaintiff's requests for the production of documents and were ordered by this Court to be produced no later than October 27, 2004. The Defendant General Motors Corporation is directed to purge its noncompliance by providing, by the end of business on Thursday, February 17, 2005, all documents responsive to the Plaintiff's requests for the production of documents. Failure to comply fully with its production obligations and this Court's orders will result in the imposition of sanctions against General Motors in the amount of $50,000 for every day that GM remains out of compliance. If GM

remains out of compliance thereafter, the Court will begin striking GM's defenses. Plaintiff's motion to compel is in all other respects **DENIED** as premature, pending discovery to resolve the factual disputes regarding the sufficiency of GM's production thus far.

    2.     The Plaintiff's motion to compel is **DENIED**.

    3.     The parties will submit, by Monday, February 7, 2005, an agreed upon schedule of all remaining non-expert depositions in this case, which the Court will make binding upon the parties subject only to such amendments as are expressly permitted by this Court.

    4.     The deadline on factual discovery is extended until April 14, 2005. The deadline for the Plaintiff's disclosure of expert witnesses is extended until May 2, 2005.

    **DONE** and **ORDERED** this 7th day of February, 2005.

_/s/ VEHopkins_

**VIRGINIA EMERSON HOPKINS**
United States District Judge