IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SERRA CHEVROLET, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENERAL MOTORS )<br>CORPORATION, )<br>)<br>Defendant. | CIVIL ACTION NO.<br><br>CV-01-02682-VEH |

## DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION TO CORRECT RECORD ON APPEAL

Defendant General Motors Corporation ("GM") hereby moves the Court to reconsider the October 14, 2005 order granting the Motion to Correct Record on Appeal filed by Plaintiff-Appellee, Serra Chevrolet ("Serra" or "Plaintiff"). In support of its motion, GM would should unto the court as follows:

1.      On October 12, 2005, Serra filed a Motion to Correct Record on Appeal, asking the district court to withdraw GM's Notice of Production (Doc. 152) pleading filed on September 2, 2005 from the Record on Appeal. Before GM was able to file its opposition to the motion, the Court granted the motion on October 14, 2005 and directed the district court clerk to amend the clerk's transmittal to the Eleventh Circuit to show that the appellate record does not include the Notice of Production. As described herein, Plaintiff's Motion to

Correct Record omitted material facts bearing on the merit of the motion. When all of the facts are considered, Plaintiff's motion is due to be denied and GM respectfully requests that the Court amend its order accordingly.

2. Several important events preceded Plaintiff's motion that the Court may not have been aware of at the time of its ruling. On September 13, Serra filed its Appellee's Brief with the Eleventh Circuit on the issue of the Sanctions and Contempt Order. In its Appellee's Brief, as a basis for affirming the Court's order, Serra specifically referenced the topic of the File A vehicle allocation data that was previously thought to be unavailable, but which was later located and produced. Serra commented on this fact, but stated that the fact "**is not part of the record on appeal**." Appellee's Brief at p. 54 (emphasis in original).

3. In response to the reference in Serra's brief, GM properly filed a Motion to Supplement the Record with the Eleventh Circuit asking that GM's Notice of Production be included in the appellate record. Counsel for GM was then contacted by the clerk's office for the Eleventh Circuit which indicated that GM's motion was moot because the Notice of Production was already a part of the appellate record.

4. Even though the Record had already been sent to the Eleventh Circuit, Plaintiff then filed its Motion to Correct Record with this Court, seeking to remove

2

from the record the Notice of Production pleading that simply substantiated a fact that Plaintiff referenced in its Appellee's brief. Serra's attempt to keep facts out of the record that Serra *itself* referenced in it brief does not make sense and is not permitted under traditional evidentiary principles or the Federal Rules of Appellate Procedure.

5. Rule 10(e) of the Federal Rules of Appellate Procedure authorizes the district court to correct or modify the appellate record in only two situations: (1) "[i]f any difference arises about whether the record truly discloses what occurred in the district court;" and (2) "[i]f anything material to either party is omitted from or misstated in the record by error or accident." The first situation is not applicable because there is no dispute that the information contained in the Notice of Production is accurate. Likewise, the second situation does not apply because Serra has not pointed to anything that was omitted or misstated in the record.

6. Because neither of the above scenarios is applicable to Serra's motion, the Federal Rules of Appellate Procedure provide that the relief requested by Serra can only be provided by the Eleventh Circuit. See Rule Fed. R. App. P. 10(e)(3) ("All other questions as to the form and content of the record must be presented to the court of appeals.").

7. Even if the district court was the proper court in which to make the motion, Serra's sole argument for having the Notice of Production removed from

the record was, that because the Notice was not before the Court when it issued its contempt order, it now has no relevance on appeal. This argument has nothing to do with the relief sought since lack of "relevance" is not a basis upon which to remove something from the record, particularly something Serra has already referenced in its Appellee Brief. This argument, moreover, has no merit under the doctrine of curative admissibility, i.e., because Serra "opened the door" to this issue in its Appellee brief, GM has the absolute right to present whatever evidence that is necessary to tell the whole story.

8. Under the curative admissibility doctrine, "evidence that is irrelevant and thus inadmissible nevertheless may be admitted to rebut evidence of a like character." U.S. v. Hall, 653 F.2d 1002, 1007 (5th Cir. 1981). Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1349 (11th Cir. 2004) ("This Circuit recognizes the concept of curative admissibility – also called "opening the door" or "fighting fire with fire."); see also Charles W. Gamble, McElroy's Alabama Evidence § 14.01 (5th ed. 1996) ("Some refer to the principle as one of 'waiver' based upon the theory that by introducing immaterial, irrelevant or incompetent evidence a party waives the right to object when the opponent introduces otherwise inadmissible evidence in rebuttal").

9. Having referenced the File A data and stating that its production "was not part of the record," Serra can hardly be heard now to claim that the document --

4

which bears directly on its assertion made to the Eleventh Circuit -- should be removed from the record. Serra's argument that any evidence that was not before this Court when it issued its contempt order is not relevant was waived as soon as Serra brought this situation to the attention of the Eleventh Circuit. Indeed, Serra has opened the door to this evidence and GM has the right to make certain that the Eleventh Circuit gets the whole story. To allow otherwise would violate fundamental fairness and the curative admissibility doctrine.

10. Because Serra's Motion to Correct Record would attempt to have this Court alter the record in a way not permitted by the Federal Rules of Appellate Procedure, GM respectfully requests that the Court reconsider its Order granting Serra's motion. However, even if this Court did have the authority to amend the record as Plaintiff requested, the facts show that the request has no merit given that Serra itself injected this issue into the record and that, under the doctrine of curative admissibility, the Notice of Production is due to remain part of the Appellate Record.

WHEREFORE, GM respectfully requests that the Court vacate the Order granting Serra's Motion to Correct Record on Appeal and enter an order denying the same.

_____
One of the Attorneys for Defendant

OF COUNSEL:
Jere F. White, Jr. (WHI007)
Terrence W. McCarthy (MCC119)
Sanford G. Hooper (HOO033)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Thomas E. Baddley, Jr., Esq. and Jeffrey P. Mauro, Esq.

_____
Of Counsel