# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SERRA CHEVROLET, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No: 2:01 cv-2682-VEH |
| | ) |
| **GENERAL MOTORS CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO SUPPLEMENT PLAINTIFF'S PREVIOUSLY FILED MOTION FOR SANCTIONS

Comes now the Plaintiff, Serra Chevrolet, Inc., and respectfully requests an opportunity to supplement the record with respect to its previously filed Motion for Sanctions, and as grounds therefore states as follows:

1.　On April 1, 2005, the Plaintiff filed a Motion for Sanctions (Doc. No. 115), alleging that GM had violated the Court's February 7, 2005 Order of contempt (Doc. No. 110), as well as the Court's instruction to purge such non-compliance by February 17, 2005.

2.　After conducting a show cause hearing to afford GM an opportunity to explain the reasons for its continued non-compliance, the Court issued an Order under date of May 20, 2005 (Doc. # 132), which

imposed monetary sanctions against the Defendant in the amount of $700,000, consistent with its prior admonitions and the express terms of its February 7, 2005 Order.

4. The Defendants thereafter appealed this Sanctions Order to the Eleventh Circuit Court of Appeals.

5. On April 13, 2006, the Eleventh Circuit issued an opinion which affirmed in part, reversed in part and remanded the matter back to the Court for further proceedings consistent with its Order. Specifically, the Eleventh Circuit affirmed the Court's finding of contempt with respect to the satellite data, reversed its finding of contempt regarding the allocation data, and remanded the matter for the Court to set forth a detailed basis or justification for the amount of monetary sanctions assessed against GM for such contempt.

5. Since the Court entered its May 20, 2005 Sanctions Order, the Plaintiff has discovered additional information which it believes may serve to assist the Court with the Eleventh Circuit's instructions on remand, and further submits that such information constitutes additional bases for sanctions against GM. Specifically, the Plaintiff submits that despite GM's repeated representations to the contrary, that Plaintiff has learned that additional allocation data sought by the Plaintiff was, in fact, available for

production, and further that additional satellite data exists as well and should have been produced.

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court allow the Plaintiff to supplement the record regarding its previously filed Motion for Sanctions, and subsequent matters which will be set forth in its supplemental pleadings.

Respectfully submitted,

**s/ Jeffrey P. Mauro**
Bar Number: ABS-0478-U71J
Attorneys for Plaintiff
Baddley & Mauro, LLC
2545 Highland Avenue, Ste. 100
Birmingham, Alabama 35205
(205) 939-0090
(205) 939-0064 Fax
jpmauro@baddleymauro.com   E-mail

### CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2006, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jere White, Esq. and Terrence McCarthy, Esq., John Galese, Esq.

**s/ Jeffrey P. Mauro**
Bar Number: ABS-0478-U71J
Attorneys for Plaintiff
Baddley & Mauro, LLC
2545 Highland Avenue, Ste. 100
Birmingham, Alabama 35205
(205) 939-0090
(205) 939-0064 Fax
jpmauro@baddleymauro.com   E-mail