IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SERRA CHEVROLET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | CV-01-HS-2682-S |
| GENERAL MOTORS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. | |

### GM'S RESPONSE TO COURT'S SHOW CAUSE ORDER

Defendant General Motors Corporation ("GM") hereby responds to the Court's Show Cause Order of May 23, 2006, and respectfully states that the pleading filed by Serra in the prior state court action submitted by GM as Exhibit 34 should not be struck from the record in this matter. As grounds for this response, GM shows the Court as follows:

1. On May 22, 2006, GM filed its Summary Judgment Reply Brief. Contemporaneously with the filing of that brief, GM submitted one new exhibit (Exhibit 34), which was a pleading Plaintiff filed in the prior state court action in response to Defendants' Motions for Summary Judgment. In the Show Cause Order, this Court indicated that the filing of this exhibit may be in violation of Fed.

1

R. Civ. P. 56 and the Court's summary judgment requirements. GM respectfully submits that Exhibit 34 is proper.

2. If the Court is concerned that Exhibit 34 was submitted with the reply brief in support of a new argument, GM respectfully states that that is not the case here. GM did not submit Exhibit 34 to support a new argument or new grounds for summary judgment. Rather, this Exhibit, which is referenced on page 15 of GM's reply, was submitted to rebut an argument made by Plaintiff in its opposition brief to GM's summary judgment motion. Specifically, in its opposition brief, Plaintiff argued that the "course of conduct" between Plaintiff and GM supports its ADDCA claim, and Plaintiff identified five different "acts" to show this course of conduct. Plaintiff's Brief, pp. 40-41. In reply, GM argued, in part, that some of these "acts" or "issues" cited by Plaintiff could not provide the basis for an ADDCA claim, as these issues were previously litigated in the state court action. Indeed, as Exhibit 34 reflects, Serra claimed some of these issues precluded summary judgment in the state court action. However, these issues were resolved in GM's favor when the state court ruled that GM could lawfully terminate the satellite agreement.

3. The purpose of Exhibit 34 is simply to show that Plaintiff, as set forth in its own state court pleading, has already made and lost these arguments in another court, and, therefore the issues cannot be relitigated here. GM believes

2

that such rebuttal evidence is proper under current practices in federal court. <u>Beck v. University of Wisconsin Bd. of Regents,</u> 75 F.3d 1130, 1134 (7th Cir. 1996) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers - both briefs and affidavits - may properly address those issues"); <u>Mora v. Allstate Ins. Co.,</u> 2006 WL 190284, *1 (E.D.Cal. 2006) ("Plaintiff's evidentiary objections to defendant's reply brief, filed Jan. 9, 2006, are overruled; defendant's reply brief properly raises arguments and evidence which *rebut* plaintiff's opposition; defendant does not present *new* arguments for the first time in reply) (emphasis in original); <u>Brantley v. Cinergy Corp.</u> 2006 WL 314494, *1 (S.D.Ohio 2006) (quoting district court Local Rule 7(d): "Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition"); <u>Baugh v. City of Milwaukee,</u> 823 F.Supp. 1452 (1993) 1456 -1457 (E.D.Wis. 1993) ("Such a rule [proscribing submission of evidence in reply briefs] would allow the party opposing the motion to gain an unfair advantage by submitting issues and evidentiary support that were unforeseen at the time the motion was first proffered").

4.      Furthermore, there should be no evidentiary concerns about Exhibit 34. First, there is no dispute about the contents of Exhibit 34, as it is a copy of a

pleading filed by Serra's attorneys (the same counsel here) in the prior state court action. Indeed, Plaintiff also submitted a pleading from the state court action in its evidentiary submission. (Plaintiff's Exhibit A). Second, this Court can take judicial notice of a document where, as here, there is no "reasonable dispute" about what the document is. Fed. R. Evid. 201(b). Courts routinely take judicial notice of pleadings from other courts.

5. In sum, GM submits that Exhibit 34 does not violate either Fed. R. Civ. P. 56, this Court's summary judgment requirements, or current practice in federal courts and is properly before this Court.

_____
One of the Attorneys for Defendant
General Motors Corporation

OF COUNSEL:
Jere F. White, Jr. (WHI007)
Terrence W. McCarthy (MCC119)
Sanford G. Hooper (HOO033)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Thomas E. Baddley, Jr., Esq. and Jeffrey P. Mauro, Esq.

_____
Of Counsel